IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW LOUIS LOMBARDO, )
)
    Plaintiff, )
)
  -vs- ) Civil Action No. 15-1122
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings[1] and Defendant's Motion for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 12) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 10).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security insurance benefits to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since May 1, 1985. (ECF No. 8-7, p. 2) Administrative Law Judge ("ALJ"), David

---

[1] I believe Plaintiff mislabeled his Motion for Judgment on the Pleadings. Plaintiff's Motion and Brief rely on evidence in the administrative record. As such, Plaintiff's Motion is more aptly titled as a Motion for Summary Judgment. Therefore, I am construing Plaintiff's Motion for Judgment on the Pleadings as a Motion for Summary Judgment.

1

Brash, held a hearing on April 9, 2014. (ECF No. 8-3). On May 14, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 17-36). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF No. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Plaintiff's Intellectual Disability**

Plaintiff argues that the ALJ erred in failing to properly analyze his intellectual disability. (ECF No. 11, pp. 15-20). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

3

In this case, the ALJ found that Plaintiff had the following severe impairments: mood disorders, conduct disorders, impulse control disorder, anxiety disorders, attention deficit hyperactivity disorder (ADHA), antisocial personality disorder, and mild intellectual disability. (ECF No. 8-2, pp. 20-21). The ALJ then proceeded to the next step. *Id.* at pp. 21-36. At step three the ALJ found, *inter alia,* Plaintiff did not meet the preamble requirement of Listing 12.05. (ECF No. 8-2, p. 28). Plaintiff argues that this was inappropriate and warrants remand. (ECF No. 11, pp. 15-20).

In step three of the analysis, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

At issue in this case is Listing 12.05 (intellectual disability). *See,* 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. Listing 12.05 – Intellectual Disability provides:

> Intellectual disability refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> OR
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;
>
> OR

D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintain social functions; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05.  As the disjunctive language of the Listing indicates, the required level of severity for this disorder is met when the requirements of both the introductory paragraph and paragraphs A, B, C *or* D of the Listing are satisfied.

In this case, Plaintiff contends the ALJ erred in not finding that he satisfies Part C of Listing 12.05. (ECF No. 11, pp. 15-19). To satisfy Part C, Plaintiff must have, before the age of 22: 1) significantly subaverage intellectual functioning with deficits in adaptive behavior manifested; 2) a valid verbal, performance, or full scale IQ of 60 through 70, and 3) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. pt. 404, subpt. P., app. 1 §12.05C; *Williams v. Sullivan*, 970 F.2d 1178, 1184 (3d Cir. 1992). The ALJ found that Plaintiff failed to establish that he met the preamble of Listing 12.05: significantly subaverage intellectual functioning with deficits in adaptive behavior manifested before the age of 22. (ECF No. 8-2, p. 28).

Plaintiff submits that the ALJ failed to list the criteria he used to make this assessment and argues that an ALJ must "sufficiently identify a specific standard or list of factors that he considered in determining that the claimant did not have deficits in adaptive functioning severe enough to meet Listing 12.05(C)." (ECF No. 11, p. 17). Plaintiff continues, the ALJ failed to articulate and did not explain any standard or list of factors he considered other than noting that Plaintiff had marginal education, attempted but did not obtain a GED, and he had a history of a head injury. *Id.* at pp. 17-18. Thus, Plaintiff concludes that remand is warranted because there

5

is insufficient information for this court to conduct a meaningful review.[2]  *Id.*   After careful review of the record, I disagree.

Unlike the case of *Curtis v. Colvin,* No. 14-54E, 2015 WL 1488925, *5-6 (W.D. Pa. March 31, 2015), I do not find this to be a situation where the ALJ failed to sufficiently set forth the criteria for determining whether Plaintiff suffered from the requisite deficits in adaptive functioning. Under the circumstances of this case, the ALJ did not even reach that point.  *See,* ECF No. 8-2, p. 28.  The ALJ in this case assessed the facts and found that Plaintiff failed to establish significantly sub-average general intellectual functioning with deficits in adaptive functioning because, if anything, Plaintiff had only "mild" intellectual disability. (ECF No. 8-2, p. 28).  In support thereof, the ALJ pointed out that only one doctor, a consultative examiner, noted that Plaintiff had mild intellectual disability, in part, due to "exogenous factors, such as deprivation, poor education, as well as reflective of strength regarding rote learning."  *Id.*  The ALJ also noted that Plaintiff's treating doctor found that he did not have "reduced intellectual functioning." *Id.*  Thus, the ALJ found that Plaintiff did not satisfy the preamble criteria to establish "significantly subaverage general intellectual functioning."  *Id.*  I find his summary of the evidence and explanation of his findings provide me with sufficient evidence such that I am able to conduct a meaningful review.  *Jones v. Barnhart,* 364 F.3d 501 (3d Cir. 2004).  Furthermore, after a review of the record as a whole, I find there is substantial evidence of record to support the ALJ's finding. (ECF No. 8-2, pp. 17-29).   Consequently, I find no error in this regard and remand is not warranted.

An appropriate order shall follow.

---

[2] Plaintiff also asserts that there is evidence to support his position that he had subaverage general intellectual function and had deficits in adaptive functioning such that he met Listing 12.05C.  (ECF No. 11, pp. 19-20).   To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Thus, Plaintiff's argument in this regard is misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW LOUIS LOMBARDO,  )
                                                     )
        Plaintiff,  )
                                                     )
  -vs-  )        Civil Action No.   15-1122
                                                   )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
                                                   )
        Defendant.  )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

AND now, this 22nd day of August, 2016, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                                                BY THE COURT:

                                                s/   Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge